## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

## CIVIL COMPLAINT

**Gary Louis Rouse**                    ,

_____,

*(Write the full name of each Plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

Case No.: __4:24-cv-481 MW/MAF__
*(To be filled in by the Clerk's Office)*

**Department of Veterans Affairs**   ,

**(see attached)**                      ,

**Jury Trial Requested?**
■ **YES**   □ **NO**

_____,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

_____/

FILED USDC FLND TL
NOV 27 '24 AM10:33



## **Full List of Defendants**

The Honorable Denis McDonough, Secretary of Veterans Affairs

The Honorable Kelly Connor, Board of Veterans Appeals, Veterans Law Judge

Kary Charlebois, Board of Veterans Appeals FOIA/Privacy Officer

Tecola Brown, Board of Veterans Appeals

Larry Schaefer, Chief Executive Officer, QTC Medical Services

**Page 1 of 1**

# I. PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

1. Plaintiff's Name: <u>Gary Louis Rouse</u>

Address: <u>5171 Holly Fern Trce</u>

_____

City, State, and Zip Code: <u>Tallahassee, FL 32312</u>

Telephone: <u>703-270-8910</u>    _(Home)_  <u>703-270-8910</u>    _(Cell)_

2. Plaintiff's Name: _____

Address: _____

_____

City, State, and Zip Code: _____

Telephone: _____(Home)_ _____ _(Cell)_

_(Provide this information for any additional Plaintiffs in this case by_

_attaching an additional page as needed.)_

B. Defendant(s)

1. Defendant's Name: <u>Kary Charlebois</u>

Name of Employer _(if relevant)_: <u>U.S. Department of Veterans Affairs</u>

Address: <u>Board of Veterans Appeals, 810 Vermont Ave NW</u>

City, State, and Zip Code: <u>Washington, DC 20420</u>

2. Defendant's Name: <u>Tecola Plowden</u>

Name of Employer *(if relevant):* <u>U.S. Department of Veterans Affairs</u>

Address: <u>Board of Veterans Appeals, 810 Vermont Ave NW</u>

City, State, and Zip Code: <u>Washington, DC 20420</u>

3. Defendant's Name: <u>Larry Schaefer</u>

Name of Employer *(if relevant):* <u>Leidos QTC</u>

Address: <u>924 Overland Court</u>

City, State, and Zip Code: <u>San Dimas, CA 91773</u>

*(Provide this information for any additional Defendants in this case by attaching additional pages as needed.)*

## II. BASIS FOR JURISDICTION

Federal courts have limited jurisdiction. Generally, only two types of cases may be heard in federal court: (1) a case involving a federal question or (2) case involving diversity of citizenship of the parties. A "federal question" case arises under the United States Constitution or federal laws or treaties. 28 U.S.C. § 1331. A "diversity" case means a citizen of one State sues a citizen of another State or nation. No defendant may be a citizen of the same State as any Plaintiff in a diversity case, and the amount in controversy must be more

than $75,000.  28 U.S.C. § 1332.

What is the basis for federal court jurisdiction?  *(check all that apply)*

■ Federal Question          ☐ Diversity of Citizenship

Fill out the paragraphs in this section that apply to this case.

A.  If the Basis for Jurisdiction Is a Federal Question:

List the specific federal statutes, federal treaties, and/or provisions of the

United States Constitution that are at issue in this case: _____

Privacy Act of 1974 Section 3 (D)(1) and (2), Section 3 (F)(2),  Section 3 (M)(1);

18 USC § 1505, 38 CFR §20.1200, 38 CFR § 20.704(c), 18 USC §1341, Fifth Amendment (due

process clause) U.S. Constitution.

B.  If the Basis for Jurisdiction is Diversity of Citizenship:

1.  Plaintiff(s)

a.  Plaintiff is an individual and a citizen of: _____

b.  If any Plaintiff is a business or corporation, list the State where the

business is incorporated _____ or has its principal

place of business: _____

*(Note: Businesses/Corporations must be represented by counsel.*

*Attach additional page to provide this information for additional*

*Plaintiffs.)*

2. Defendant(s)

   a. If the Defendant is an individual, identify their citizenship below.

      1. Defendant *(name)*  <u>Kary Charlebois (presumed U.S.)</u>

         is a citizen of *(State)* <u>(presumed Virginia)</u>

      2. Defendant *(name)* <u>Tecola Plowden (presumed U.S.)</u>

         is a citizen of *(State)* <u>(presumed Virginia)</u>

      3. Defendant *(name)* <u>Larry Schaefer (presumed U.S)</u>

         is a citizen of *(State)* <u>(presumed California)</u>

   b. If the Defendant is a corporation or business, list the state of

     incorporation or principal place of business below.

      1. Defendant *(name)* <u>Leidos QTC</u>

         State of Incorporation is <u>California</u>

         or Principal Place of Business is <u>California</u>

      2. Defendant *(name)* <u>U.S. Department of Veterans Affairs</u>

         State of Incorporation is <u>N/A</u>

         or Principal Place of Business is <u>N/A</u>

      *(Attach additional page if necessary to list all Defendants.)*

   3. Have you previously been involved in litigation with one or more

of the named Defendants?

■ Yes    □ No

If yes, identify prior case #: 24-8098_____ Date: 11/07/2024

Court: Court of Appeals for Veterans Claims_____

Defendant:  Denis McDonough, Secretary of Veterans Affairs___

Judge:  C o r a l  W o n g  P i e t s c h _____

Result: Defendant Ordered to Respond   *( in 21 DAYS from order)*

## III.  STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do; identify how each Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

See attached additional pages please._____

_____

### III. Statement of Claim (VA Violation of the Privacy Act of 1974, Claim 1)

1. On July 27th, 2024, Plaintiff's medical records or VA electronic claims file was made accessible to Leidos QTC Health Services for development of a medical opinion on his claimed heart condition. **(Exhibit A).**

2. On July 30th, 2024, Plaintiff submitted a Privacy Act request for the opinion of Dr. Subramaniam Krishnamurthi practicing cardiology in Sulpapa, OK. **(Exhibit B).**

3. On October 1st, 2024, Plaintiff phoned Dr. Krishnamurthi asking him if he would disclose a summary of his findings because Defendants had yet to provide him the requested information prior to his Board of Veterans Appeals hearing on October 2nd, 2024, during which Plaintiff had to inform Veterans Law Judge Kelly Connor that the hearing was illegal due to a violation of the Board's Rules of Practice Rule 1200 (38 CFR § 20.1200), essentially trial by ambush due to the outstanding Privacy Act Request. The call to Dr. Krishnamurthi on October 1st is evidenced by **Exhibit C**.

4. On October 4th, 2024, Veterans Law Judge Connor defaulted on her Plaintiff-audio recorded statement taken with permission at hearing that she would not schedule a continuance of the October 2nd, 2024 hearing until the Privacy Act request at issue had been resolved per 38 CFR § 20.704(c). Hearing continuance was verbally ordered. On October 4th, 2024, it was scheduled for January 21st, 2025 in violation of the regulation, setting the conditions for another possible trial by ambush situation. Said audio recording is available to the Court upon request.

5. On October 7th, 2024, Defendants responded **(Exhibit D)** to the Privacy Act request stating that they would be sending the entire claims file to Plaintiff on an encrypted compact disk (CD). The CD was never delivered to the Plaintiff.

6. On October 22nd, 2024, Plaintiff appealed the October 7th, 2024 Privacy Act response via email **(Exhibit E)** to the Office of General Counsel. The requested medical opinion was still not provided in violation of the Privacy Act of 1974 and 18 USC 1505 by withholding evidence needed for the hearing to legally occur.

7. On 24 October 2024, Defendants (i.e., Ms. Tecola Plowden from the Board's FOIA/Privacy Office) called Plaintiff stating she was going to overnight certified mail Plaintiff the medical evidence from Doctors Bari and Krishnamurthi that Plaintiff requested on July 30th, 2024.

8. On October 25th, 2024, Defendant Charlebois committed mail fraud by sending Plaintiff a letter (ghost-written by Defendant Plowden per her phone call to Plaintiff) mailed certified **(Exhibit F)** which falsely stated that Dr. Krishnamurthi's medical opinion was being provided. Enclosed with that letter were two parcels sent via certified U.S. mail that contained hundreds of pages of documents that did not contain the requested medical opinion and a note to call Defendant Plowden **(Exhibit G)**. This package was received on October 28th, 2024 by the Plaintiff. Plaintiff digitally scanned all received documents and provided an inventory **(Exhibit H)** of these documents electronically to Defendants along with scans of all these unrequested documents to memorialize exactly what had been mailed. This evidence can be presented if requested.

9. On October 28th, 2024, Defendants committed mail fraud again pursuant to 18 USC 1341 by writing another mailed letter to Plaintiff **(Exhibit I).** Defendant Charlebois boldly and falsely stated that the Board of Veterans Appeals did not have any medical opinions pertaining to Plaintiff's heart condition when the documents received included previously developed medical opinions for his claimed heart condition.

10. On October 28th, 2024, Plaintiff spoke again with Defendant Plowden who stated that she could not find the requested medical opinion in Plaintiff's VA claims file. Plaintiff suggested that she call the exam contractor, QTC, to request re-transmission of the requested medical opinion to the Defendants, which she tried to make the Plaintiff's responsibility when the contracted examiner (QTC) would not under any circumstances disclose this information to Plaintiff that he verbally requested from them, too. She reluctantly called QTC and later followed up with Plaintiff. She reported that QTC was holding the requested medical opinion in "quality review". Plaintiff called QTC later on that day to verify Defendant's statements. Plaintiff found them to contain omissions of the truth. Plaintiff was informed by QTC that the requested medical opinion was in fact sent to Defendants either on August 5th, 2024 or August 29th, 2024.

11. On October 30th, 2024, Plaintiff submitted a Freedom of Information Act (FOIA) request to Defendant's information technology office requesting copies of QTC system logs showing transmission of all medical opinions from late July 2024 onward to Defendant's Veterans Benefits Management System (VBMS), which populates his electronic claims file with the requested medical opinion.

12. On October 31st, 2024, a call to Plaintiff's Veterans Service Organization informed him that the Defendants decided to replace Dr. Krishnamurthi's opinion with Dr. Mahmaljy's. This deprives Plaintiff of medical evidence in his VA claims file that may have been spoliated or withheld by Defendant to enable denial of his disability compensation claim on November 14th, 2024.

13. On October 31, 2024, Defendants mailed Plaintiff another letter stating that Dr. Krishnamurthi's opinion was not located in Plaintiff's electronic claims file and that this was an "oversight". Here, Defendants still would not provide the requested opinion made by Dr. Krishnamurthi **(Exhibit J).**

14. On November 5th, 2024, Defendant's FOIA office provided Plaintiff the requested QTC system transmission logs **(Exhibit K)**. The logs showed that Dr. Krishnamurthi transmitted his medical opinion on July 27th, 2024 either at 9:32:32 AM or at 9:38:38 AM (plaintiff believes it was the latter time) to Defendant's VBMS. These logs are non-repudiable and prove Defendants have lied about not receiving the medical opinion from Dr. Krishnamurthi which violated Plaintiff's civil rights under the Privacy Act of 1974. Either the loss, withholding, or spoliation of this evidence may have also irreparably damaged Plaintiff's rights to his claimed disability benefits and denied his due process that are intertwined with his appeal for his taken property interest that the VA revoked in 2017 (the VA Home Loan).

## III. Statement of Claim (VA Violation of the Privacy Act of 1974, Claim 2)

1. The VA then evidently shopped for the opinion of another cardiologist to gather negative medical evidence to use to deny the claim. This opinion was noticed to Plaintiff the very hour of his October 2nd, 2024 Board of Veterans Appeals hearing with the Honorable Kelly Connor on the matter, leading to a trial by ambush situation due to the introduction of undiscoverable medical evidence in violation of 38 CFR § 20.1200. This second medical opinion was to be completed on October 11th, 2024 by a Dr. Hadi Mahmaljy practicing cardiology in Tampa, FL. It was written on 11 October 2024 and was allegedly being withheld "in quality review" due to spelling errors according to a QTC representative. This second developed opinion was later requested by Plaintiff under the Privacy Act and provided by Defendants on November 13th, 2024. This opinion contained false medical evidence including misrepresentations by Dr. Mahmaljy of Plaintiff's medical record. It also contained medical information that Plaintiff requested Defendant's correct on November 16th, 2024 and November 18th, 2024, specifically the mixing of medical information from another veteran into Plaintiff's record, which included medical facts dating to the 1970s well prior to Plaintiff's birth. Plaintiff also requested on November 16th, 2024 correction of false medical information inserted into his electronic claims file by both Dr. Mahmaljy and Dr. William Grant of Destin, FL. To date, Defendant's have not yet responded to Plaintiff's request to correct this inaccurate medical information about him in violation of the Privacy Act of 1974 as well. The Court should consider this second claim if the Defendant's do not respond to Plaintiff's November 16th, 2024 Privacy Act Request by December 3rd, 2024 (10 business days) and Plaintiff has not dismissed this second claim effective that date.
2. VA has a history of document tampering in the adjudication of claims for Veterans benefits according to a 2009 Congressional Hearing Transcript. It does not appear that VA has learned its lesson.
3. VA has abused the Privacy Act to withhold medical evidence to conduct trial by ambush of a disabled veteran appealing a denied claim for disability benefits and must be held to account.

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. _____

Award such relief that the Court deems equitable and just. The alleged Privacy Act Request denial manifestly

affects the Defendant's decision on the claimed heart condition which resulted in a denial of benefits to

include retroactive benefits in excess of $400,000 as well as right to a property interest

that was revoked circa 2017 (VA home loan eligibility intertwined with this denied claim).

## V. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: _____ Plaintiff's Signature: _____

Printed Name of Plaintiff: <u>Gary Louis Rouse</u>

Address: <u>5171 Holly Fern Trce, Tallahasee, FL 32312</u>

E-Mail Address: <u>grouse142@gmail.com</u>

Telephone Number: <u>703-270-8910</u>

*(Additional signature pages must be attached if there is more than one Plaintiff.)*